# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SUGARLOAF CAPITAL BUFORD, LLC<br><br>Plaintiff,<br><br>v.<br><br>LA QUINTA FRANCHISING, LLC AND WYNDHAM HOTELS AND RESORTS, LLC,<br><br>Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

**COME NOW** Defendants La Quinta Franchising, LLC and Wyndham Hotels and Resorts, LLC ("Defendants") and hereby remove Case No. 2019-0092478-CV, filed in the Superior Court of Cobb County, State of Georgia (the "State Court Action"), where it is currently pending, to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) based on complete diversity of citizenship under 28 U.S.C. § 1332(a)(1). Defendants submit this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a), and state the following in support:

**I.      THE REMOVED CASE.**

1. On or about July 10, 2019, Plaintiff Sugarloaf Capital Buford, LLC ("Plaintiff") filed a multi-count Complaint against Defendants in the Superior Court of Cobb County, State of Georgia, as Case No. 2019-0092478-CV. A copy of the Complaint is attached as **Exhibit A**.

2. Defendants were served on July 15, 2019 via their registered agent.

3. The Complaint, along with the Summonses, Entries of Service, and Case Docket (Exhibits B-D) constitute all process, pleadings, and orders filed in the Superior Court of Cobb County, State of Georgia, as of this filing. To Defendants' knowledge, no hearings or other proceedings have taken place in this action.

4. Defendants now timely remove this case pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 based on diversity of citizenship.

5. The Complaint alleges six causes of action: (1) Declaratory Judgment (Declaration Franchise Agreement is too Vague, Incomplete, and Incomprehensible to Enforce); (2) Declaratory Judgment (Declaration Franchise Agreement Unconscionable); (3) Declaratory Judgment (Declaration Liquidated Damages Provision is an Unenforceable Penalty); (4) Breach of Contract; (5) Audit of Brand Marketing Fund; and (6) Attorneys' Fees and Costs of Litigation.

6. The Complaint's allegations relate to the Franchise Agreement (as amended) between Plaintiff and Defendant La Quinta Franchising, LLC and the subsequent acquisition of La Quinta Franchising, LLC by Wyndham Worldwide Corporation in 2018.

7. Later in 2018, Wyndham Hotels & Resorts, Inc. spun off from Wyndham Worldwide Corporation, and Wyndham Hotels & Resorts, Inc. is the ultimate parent company of La Quinta Franchising, LLC.

8. Neither Defendant has pled, answered, or otherwise appeared in the State Court Action.

## II.     THIS COURT HAS JURISDICTION PURSUANT TO 28 USC § 1332.

9. This Court has diversity jurisdiction over this matter because complete diversity exists, the amount in controversy is met, and no Defendants are citizens of Georgia.  *See* 28 U.S.C. §§ 1332 and 1441.

### A.     There is Complete Diversity Between the Parties.

10. There is complete diversity of citizenship between Plaintiff and all Defendants in this case:

   a. Plaintiff is domiciled in Georgia, and is therefore a citizen of Georgia for diversity purposes.  Compl. ¶ 1.

      b.    Defendant La Quinta Franchising, LLC is a limited liability company organized under the laws of the State of Nevada, with its principal places of business in Texas and New Jersey.  The sole member of La Quinta Franchising, LLC is Lodge Holdco II L.L.C., a limited liability company organized under the laws of Delaware, with its principal place of business in Texas.  La Quinta Franchising, LLC is therefore a citizen of Nevada, Texas, New Jersey, and Delaware for diversity purposes.  *See* 28 U.S.C. § 1332(c)(1); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

      c.    Defendant Wyndham Hotels and Resorts, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in New Jersey.  The sole member of Wyndham Hotels and Resorts, LLC is Wyndham Hotel Group, LLC, which is a limited liability company organized under the laws of Delaware, with its principal place of business in New Jersey.  Wyndham Hotels and Resorts, LLC is therefore a citizen of Delaware and New Jersey for diversity purposes.  See 28 U.S.C. § 1332(c)(1); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

      d.    There are no other named Plaintiffs or Defendants.[1]

---

[1] *But see supra*, n.1 and accompanying text.

11.    No Defendants are citizens of the forum state, Georgia.  Complete diversity of citizenship exists, and the action between these parties is therefore removable.  *See* 28 U.S.C. §§ 1332(a)(1); 1441(a).

### B.    The Amount-in-Controversy Requirement Is Satisfied.

12.    Although the Complaint does not quantify the damages sought in this action, the allegations and requested relief plausibly exceeds the jurisdictional requirement of at least $75,000.  *See, e.g.*, *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").  The Court can easily determine by a "preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable. . . . Put simply, a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.") (internal quotation marks and citations omitted).

13. Although Defendants deny any liability to Plaintiff and maintain that the liquidated damages provision in the Franchise Agreement is not an unenforceable penalty, it is apparent based on the claims asserted in the Complaint that the amount in controversy exceeds the sum or value of $75,000. Indeed, Plaintiff admits on the face of the Complaint that the amount in controversy totals *at least* $521,000.00. Compl. ¶¶ 54, 99.

14. This Court, therefore, has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332, and the action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

15. Defendants reserve the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

### III. DEFENDANTS HAVE SATISFIED ALL PROCEDURAL REQUIREMENTS OF REMOVAL.

16. Removal to this Court is proper because it is part of the district and division within which the action is pending. *See* 28 U.S.C. §§ 90(a)(2); 1441(a); 1446(a).

17. All Defendants who have been served consent to removal. 28 U.S.C. § 1446(b)(2)(A).

18. Copies of all process, pleadings, and orders are attached to this Notice of Removal as Exhibits A–D. *See* 28 U.S.C. § 1446(a).

19. Defendants will promptly provide written notice of this Notice of Removal to Plaintiff's counsel. *See* 28 U.S.C. § 1446(d).

20. In filing this Notice of Removal, Defendants do not waive any defects in the process or service of process in this matter, nor do they waive any other defenses.

21. Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants remove the above-entitled action from the Superior Court of Cobb County, State of Georgia, and respectfully request that further proceedings be conducted in this Court as provided by law.

Dated:      August 12, 2019                Respectfully submitted,

By: /s/ Delia G. Frazier
Christopher G. Campbell
Georgia Bar No. 789533
Delia G. Frazier
Georgia Bar No. 940667
DLA Piper LLP (US)
1201 West Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Tel.: (404) 736-7800
Facsimile: (404) 682-7800

Christopher.Campbell@dlapiper.com
Delia.Frazier@dlapiper.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of August, 2019, I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system, which will send e-mail notification of such filing to all attorneys of record. I have also I have this day served all parties or their counsel of record with a copy the foregoing NOTICE OF REMOVAL by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

Bryan M. Knight, Esq.
Sherri G. Buda, Esq.
KNIGHT JOHNSON, LLC
One Midtown Plaza
1360 Peachtree Street, Suite 1201
Atlanta, GA  30309

Dated:  August 12, 2019.

By: /s/ Delia G. Frazier
Delia G. Frazier